UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TAUREAN WALTON,**<br>Plaintiff,<br>vs.<br>**T. MARCY,**<br>Defendant. | **2:24-CV-12945-TGB-APP**<br>Hon. Terrence G. Berg<br>**OPINION AND ORDER DISMISSING WITH PREJUDICE THE CIVIL RIGHTS COMPLAINT** |

## I. INTRODUCTION

This is a prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff Taurean Walton is presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan. He brings claims against Michigan Department of Corrections ("MDOC") Recreational Director T. Marcy concerning injuries sustained while using an exercise machine. He seeks monetary and injunctive-type relief. For the reasons stated below, the Court will **DISMISS** the Complaint for failure to state a claim upon which relief can be granted.

## II. FACTUAL BACKGROUND

Plaintiff claims that he injured himself on an exercise machine that was in need of repair for a loose wire. ECF No. 1. Plaintiff alleges that he had informed Defendant Marcy of the defective machine prior to the incident where he was injured. *Id.* PageID.2. He claims that the wire attached the machine was "obvious[ly] loose" and could cause serious

injury, but that nothing was done to fix it. *Id*. Nevertheless, Plaintiff proceeded to use the machine. *Id*. He claims that the loose wire "snapped," causing him to flip off the machine and injure his neck and back. *Id*. Plaintiff avers that he continues to suffer excruciating pain from the injury and experiences neck, back, shoulder, and sciatic nerve damage. *Id*. PageID.3. Plaintiff alleges that Defendant acted with deliberate indifference by failing to fix the machine after being placed on notice of its disrepair. *Id*. PageID.4.

## III.   LEGAL STANDARD

Plaintiff has been granted *in forma pauperis* status. ECF No. 5. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV. DISCUSSION

Plaintiff maintains that Defendant Marcy violated his rights under the Eighth Amendment to the United States Constitution by failing to repair the exercise machine, resulting in his injury. ECF No. 1.

The Eighth Amendment to the United States Constitution imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452

4

U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions-of-confinement claims). The deliberate–indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. However, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded

reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id*. at 835. As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id*. at 837–38 (citations omitted). To distinguish actionable conduct from a mere accident and convert conduct that does not even purport to be punishment into "cruel and unusual punishment," a prisoner must demonstrate more than ordinary lack of due care for the prisoner's interests or safety. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Accord v. Brown*, No. 93–2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v.*

6

*Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

For example, "[i]t is widely accepted that dangerous prison work conditions can support a viable conditions-of-confinement claim under the Eighth Amendment deliberate-indifference standard." *Rhodes v. Michigan*, 10 F.4th 665, 674 (6th Cir. 2021) (collecting cases). In *Rhodes*, a state inmate filed a § 1983 claim against the state of Michigan, the Michigan Department of Corrections ("MDOC"), and two MDOC prison employees, asserting violations of the Eighth Amendment after she was injured when an industrial laundry cart fell from the truck from which it was being unloaded and struck her. The Sixth Circuit held that the plaintiff's work as a laundry porter satisfied the objective component of the conditions-of-confinement analysis because that work "requires handling laundry carts that can weigh as much as 400 pounds when fully loaded" and "may be as tall as six feet and must be unloaded using a hydraulic lift gate unequipped with any sort of 'stopper' device" and thus "are prone to tip." *Id*. (stating that "[t]he instability of the heavy laundry carts and lack of any safety device to prevent tipping posed a serious danger to the laundry porters standing below, who are expected to control the carts with nothing but their hands."). The court further found that the subjective component was satisfied because the first employee "knew—according to his own testimony—that releasing a laundry cart without confirming that the laundry porter had control of it could lead to

7

serious injury yet disregarded the risk when he did exactly that and 'flung' the cart that ultimately injured [the plaintiff]." *Id.* at 675. The second employee knew that a laundry cart could pose a substantial danger for a laundry porter unprepared to control it, and there was a disputed question of fact "as to whether (i) [the employee] lowered the lift gate too early, causing the cart to tip onto [plaintiff] and (ii) did so knowing that [the plaintiff] was not paying attention to the cart and did not have control over it." *Id.* at 676.

This case is not *Rhodes*. In this case, Plaintiff asserts only that he was injured on the exercise machine after informing Defendant that the machine had a loose wire and should be repaired, and that because "all machines & equipment requir[ed] inspection daily," Defendant "knew o[r] should have known that the broken machine's in the poor shape" and could injure Plaintiff. ECF No. 1, PageID.2–3. These allegations are insufficient to state an Eighth Amendment deliberate indifference claim. While an exercise machine with a "loose wire" may present the possibility of injury, it does not objectively pose a substantial or excessive risk of serious harm sufficient to state a constitutional violation of the prisoner's rights, like the 400-pound laundry carts that were prone to tip in *Rhodes*. *See Fitzgerald v. Corr. Corp. of Am.*, No. 08-cv-01189, 2009 WL 1196127, at *5 (D. Colo. Apr. 30, 2009) (dismissing the plaintiff's Eighth Amendment claim on the basis that "a faulty piece of exercise equipment, is simply not 'sufficiently serious' to implicate the Cruel and Unusual

8

Clause"). Indeed, "[a] potentially dangerous exercise machine is simply not a risk that 'today's society chooses not to tolerate' . . . It is 'the type of risk many encounter voluntarily….'" *Id.* (quoting *Christopher v. Buss*, 384 F.3d 879, 882–83 (7th Cir. 2004)).

In *Fitzgerald*, the plaintiff prisoner claimed that he was injured while using a weight-lifting machine when two bolts holding the machine in place broke. 2009 WL 1196127, at *1. The plaintiff claims he suffered serious neck and back injuries as a result. *Id.* He brought an Eighth Amendment claim against the defendants—the company who owns and operates the prison and two of its employees—alleging that the defendants' failure to properly maintain a piece of exercise equipment created a dangerous "condition of confinement." *Id.* The Colorado district court dismissed his claim, explaining that "a malfunctioning piece of exercise equipment, even if negligently maintained, does not constitute a sufficiently dangerous condition to implicate the Eighth Amendment's ban on Cruel and Unusual Punishments." *Id.* at *3. The court found it noteworthy that the plaintiff *voluntarily* chose to use the machine, even after he claimed "'the substantial risk of harm was obvious for anyone who used the weight lifting machine.'" *Id.* at *3–4 ("Most 'conditions of confinement' cases involve an environment, or condition, that is *imposed upon* the plaintiff.") (emphasis added). The court stated: "That begs the question. If the risk were so obvious, why use the machine? There is a concept in the law called 'assumption of the risk' which, because of its

9

potential relevance here, further underscores the point that Plaintiff's allegations are bound-up in personal injury not constitutional law." *Id.* at *4.

Similarly, here, although an allegedly loose wire on a piece of exercise equipment *could* pose a hazardous condition of some kind, without more, Plaintiff has not shown that the machine he chose to use posed a sufficiently serious risk to his health or safety so that Defendant's knowledge of that condition implicates the Cruel and Unusual Punishment Clause. Further, like the plaintiff in *Fitzgerald*, Plaintiff here chose to encounter the claimed risk, of which he admits he was aware. Plaintiff knew that machine had a loose wire and nevertheless proceeded to use it despite the possibility that he alleges he believed it could cause him harm. Like in *Fitzgerald*, the legal doctrine of "assumption of risk," which applies as an affirmative defense in negligence cases and would be relevant here, further underscores the point that Plaintiff's allegations sound in tort, not constitutional law.[1]

---

[1] Likewise, courts have also dismissed Eighth Amendment conditions-of-confinement claims in in slip and fall cases, because they do not pose a sufficiently serious risk of harm, but instead constitute at most negligence claims. *See Reynolds v. Powell,* 370 F.3d 1028, 1031 (10th Cir. 2004) (concluding that a prisoner's slip and fall claim failed because "there [was] nothing special or unique about plaintiff's situation that permit[ed] him to constitutionalize what [was] otherwise only a state-law tort claim")*; White v. Tyszkiewicz*, 27 F. App'x. 314, 315 (6th Cir. 2001) (prisoner's claim that he slipped and fell on ice was properly dismissed for failure to state a claim because his allegations were "insufficient to

Plaintiff also fails to meet the subjective prong of his deliberate indifference claim. Plaintiff's allegations, at most, state that Defendant was aware of the loose wire and the need to repair it. However, Plaintiff fails to sufficiently allege that Defendant was aware that a loose wire would cause an excessive risk to inmate health or safety so that Defendant was deliberately indifferent to a risk of such harm to Plaintiff. *See Johnson v. Campbell*, 25 F. App'x 287, 288 (6th Cir. 2001) ("[Prisoner] did not, however, allege the defendants knew of and disregarded the risk that actually caused his accident. At most, the defendants were negligent for allowing [prisoner] to work in conditions in which his accident was possible. [Prisoner] cannot base an Eighth Amendment claim on mere negligence."); *Wheatley v. Ford*, No. 5:18-CV-P117, 2019 WL 2997840, at *3 (W.D. Ky. July 9, 2019) (finding that "Plaintiff's allegation that maintenance 'knew it [a machine that ultimately injured prisoner plaintiff] didn't work right' does not translate into an inference that a substantial risk of serious harm existed" and that "[w]hile Plaintiff suffered an unfortunate accident while working in the kitchen, his allegations do not constitute deliberate indifference to safety") (collecting

---

state a claim under the Eighth Amendment."); *Lotz v. Buck*, No. 4:12-cv-P131, 2013 WL 1742600, at *3 (W.D. Ky. Apr. 23, 2013) (collecting slip and fall cases); *Chamberlain v. Nielsen*, No. 2:10-CV-10676, 2010 WL 1002666, at *2 (E.D. Mich. Mar. 18, 2010) (Battani, J.) ("Federal courts have consistently held that slippery prison floors and icy walkways do not give rise to a constitutional violation.").

11

cases). Plaintiff does not allege that other inmates had suffered similar injuries or that there had been prior complaints showing that the machine posed an imminent serious danger to inmates who were in the recreational area like that encountered by Plaintiff. Thus, Plaintiff has not alleged that Defendant had a state of mind more blameworthy than negligence, which is insufficient to state a constitutional violation. *See Rhodes*, 10 F.4th at 678 ("Where a prison official's conduct is merely negligent—i.e., where simply an accident has occurred—there is no viable claim."). Plaintiff's complaint, at most, alleges that Defendant was negligent in his duty to protect Plaintiff from a potentially hazardous condition, which is insufficient to state a claim under the Eighth Amendment. *See Farmer*, 511 U.S. at 835; *see also Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985) (agreeing that "the allegation that defendants failed to inspect and maintain the beds and exercise equipment is merely an allegation that defendants did not exercise due care" and were negligent, and "does not evidence deliberate indifference."), *abrogated on other grounds by Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002).

For these reasons, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

## V.     CONCLUSION

Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint pursuant to 28 U.S.C. § 1915(g).

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

**SO ORDERED**, this 29th day of January, 2025.

BY THE COURT:

 s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge
